**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHARON BENTLEY,**

      **Plaintiff,**

**-vs-**                **Case No. 6:04-cv-1694-Orl-31JGG**

**ORANGE COUNTY, FLORIDA,**

      **Defendant.**

_____

# ORDER

This matter comes before the Court on the motion for summary judgment (Doc. 32) filed by Defendant Orange County, Florida (the "County") and the response (Doc. 35) filed by the Plaintiff, Sharon Bentley ("Bentley").

Bentley was hired as a corrections officer by the County on January 27, 2002. (Doc. 32-2 at 3). In April 2003, Bentley's niece was incarcerated at the facility where Bentley worked. (Doc. 32-2 at 4-5). After Bentley became involved in a controversy involving her niece (the precise details of which are not relevant to this case), an internal investigation determined that Bentley had violated several County policies and orders prohibiting, *inter alia*, fraternization with inmates and making false statements. (Doc. 32-2 at 7). As a result of this determination, Bentley was fired on October 15, 2003. (Doc. 32-16 at 4).

Shortly thereafter, pursuant to a collective bargaining agreement, Bentley filed a grievance regarding her termination. (Doc. 32-2 at 10). After a review, a "Grievance Adjustment Board" reversed the most serious findings – i.e., that Bentley had made false statements and improperly

fraternized with inmates – and determined that she ought to be reinstated with back pay and benefits.  (Doc. 32-2 at 10).  The County complied with the decision of the Grievance Adjustment Board.  (Doc. 32-2 at 10).

Two months later, Bentley filed a charge of discrimination (the "Charge") (Doc. 32-20) with the Orlando Human Relations Department.  In the Charge, Bentley stated that she had been fired because of her race and gender.  More specifically, in describing the particulars of her charge of discrimination, Bentley recounted her termination and the County's alleged basis for it, then wrote:

> I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the 1992 Florida Civil Rights Act because of my Race/Black and Sex/Female by Discharge for the following reasons:
>
> 1. On or about October 15, 2003, I was fired.  Prior to my termination CO Carmen Irizarry, CO Ivonne Matose, CO Debra Kinsey, Cpl. Charles Alston (Male), Cpl. Cynthia Robinson and CO Elena Pierce (All White), have all been either charged with fratinazation [sic], falsification of documents or both and were not terminated, whereas I was.
>
> 2. I believe that my Sex/Female and my Race/Black were the basis for my being treated in such a discriminatory manner.

(Doc. 32-20).  Bentley did not list any other alleged acts of discrimination or provide any other possible rationale for such acts.  In the section where complainants indicate the basis for their charge of discrimination, Bentley checked the boxes marked "Race" and "Sex," but left the box marked "Retaliation" unchecked.  (Doc. 32-20).

In her Amended Complaint, Bentley does not mention fraternization, falsification of documents, or being treated differently than corrections officers who had been accused of such behavior.  Instead, Bentley alleges that the supervisor who accused her of improper fraternization –

Captain Pierce – did so because she had refused his request to make false statements about a co-worker to assist Pierce's investigation of the co-worker. (Doc. 15 at 3-4). She contends that her refusal to make such false statements is "protected opposition" under Title VII. (Doc. 15 at 4). And she seeks to have this Court find that she was discriminated against "on the basis of retaliation" – not on the basis of race, or gender, just retaliation. (Doc. 15 at 5).

However, it is well settled that a Title VII complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). The allegations of race- and gender-based disparate treatment described in the Charge could not be expected to lead to an investigation of the alleged retaliation for refusing to lie about a co-worker that Bentley describes in the amended complaint.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the motion for summary judgment (Doc. 32) filed by Defendant Orange County, Florida is **GRANTED**. The Clerk is directed to enter judgment for the Defendant and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 30, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party